IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Kerry D. Johnson, Jr., a.k.a "Bixie," | ) | CASE NO. 1:18 CV 318 |
| Plaintiff, | ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) | |
| Ron Walters, *et al.*, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) ) ) | |

## Introduction

*Pro se* plaintiff Kerry D. Johnson, Jr., a.k.a. "Bixie," a state prisoner incarcerated in the Trumbull County Correctional Institution after having being convicted of felony drug trafficking offenses, has filed this *in forma pauperis* civil rights action under 42 U.S.C. § 1983 against four Lake County police officers involved in his arrest: Ron Walters, Jeffery Bell, Jerold Infalvi, and Detective Kelley (Doc. No. 1.) His motion to file an amendment to his complaint (Doc. No. 4) is granted.

In his complaint and amended complaint (Doc. Nos. 1 and 4), he alleges the defendant officers unlawfully stopped his vehicle on March 3, 2016, based on "fabricated evidence" and then transported him to jail without probable cause. He alleges he was subsequently held in jail until March 17, 2016, when the defendants came to the jail, falsely told him that he had an attorney visit, and then escorted him to a conference room where they subjected him to an illegal, warrantless cavity/strip search that yielded the "contraband" drugs. (*See* Doc. No. 4 at 3.)

The plaintiff further complains of conditions to which he was subjected after his body search. He alleges that after his search, he was held in isolation with feces on his hands and that the defendants refused his request to turn on the water so he could wash his hands. The defendants allegedly told him "they could not turn the water on because the drugs was found" and that he "was being held in the isolation cell with no water until further notice." (*See id* at 3.)

Asserting violations of the Fourth and Eighth Amendments and the Due Process Clause of the Fifth Amendment, the plaintiff seeks compensatory and punitive damages pursuant to § 1983 "for the mental anguish and humiliation [he] was made to suffer from the illegal invasion of his body during the illegal strip search." (*See* Doc. No. 1 at 5.)

For the reasons stated below, the plaintiff's complaint will be dismissed.

**Standard of Review**

Because the plaintiff is proceeding *in forma pauperis* and is a prisoner seeking redress from employees of a governmental entity, the Court must screen his complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and dismiss before service any portion of the complaint that the Court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). Although *pro se* complaints are generally liberally construed and held to less stringent standards than formal pleadings drafted by lawyers *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (*per curiam*); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), in order to survive a dismissal for failure to state a claim under §§ 1915(e)(2)(B) and 1915A, a *pro se* complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See id.* at 470-71 (holding that the dismissal standards articulated in *Ashcroft v. Iqbal*, 556 U.S.

662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) govern dismissals under §§ 1915(e)(2)(B) and 1915A).

## Discussion

Upon review, the Court finds the plaintiff's complaint fails to state any plausible claim under § 1983.

First, the plaintiff has failed to allege cognizable claims based on violations of the Fourth and Fifth Amendments. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87.

Accordingly, where a court determines that a favorable judgment on a plaintiff's Fourth Amendment claim would necessarily impugn the validity of his outstanding criminal conviction, in order to pursue a damages claim based on an unconstitutional search, the plaintiff must demonstrate that his conviction has been rendered invalid in one of the ways articulated in *Heck*. If he has not made such a showing, his § 1983 action is premature must be dismissed. *See Shilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995) (dismissing § 1983 action seeking damages for an illegal search of plaintiff's car which resulted in plaintiff's being charged with driving under the influence of drugs

where the plaintiff had not demonstrated that his outstanding criminal conviction had been invalidated or set aside).

A favorable judgment on the plaintiff's claims under the Fourth and Fifth Amendments here – both premised on his allegations that he was subjected to an unreasonable search and seizure – would necessarily impugn the validity of his Lake County drug trafficking conviction. Liberally construing his complaint, he contends the "contraband" drugs supporting his conviction were made available only as a result of the alleged unconstitutional search. *Heck* applies where a contested search produces the only evidence supporting a conviction and "no legal doctrine could save the evidence from exclusion." *See e.g., Harper v. Jackson*, 293 F. App'x 389, 392 (6th Cir. May 24, 2006), citing *Ballenger v. Owens*, 352 F.3d 842, 847 (4th Cir. 2003) (affirming dismissal of a plaintiff's Fourth Amendment claims under *Heck* where the cocaine that led to the plaintiff's drug trafficking conviction was "uniquely available from the alleged illegal search").

Accordingly, because there is no suggestion in his complaint that his conviction has been invalidated in any of the ways articulated in *Heck*, his § 1983 claims based on the alleged illegal search and seizure are not cognizable.

Additionally, as to the plaintiff's allegations that he was forced by the defendants to endure unsanitary conditions in the jail after his strip search, the Court finds he has failed to allege a cognizable Eighth Amendment claim. In the context of a conditions-of-confinement claim, only extreme deprivations can be characterized as punishment prohibited by the Eighth Amendment. *See Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992). The unsanitary conditions the plaintiff alleges he was forced to endure in the jail for some period of time after his strip search do not rise to the level of the kind of extreme deprivation necessary to demonstrate a constitutional violation. Further, even

if the conditions could be characterized as sufficiently extreme, the plaintiff has not alleged that he suffered any physical injury, which the Sixth Circuit has held is necessary to recover damages on such a claim. *See Jackson v. Herrington*, 393 F. App'x 348, 354 (6th Cir. 2010). *See also Goforth v. Sumner County*, Case No. 3: 13 CV 417, 2013 WL 1943020, at *3 (M.D. Tenn. May 9, 2013) (the plaintiff's complaint about being forced to endure the smell and unsanitary presence of human feces smeared on his cell door for a period of 48 hours failed to state an Eighth Amendment claim because the plaintiff did not allege that he suffered any injury as a result of the conditions).

## Conclusion

For all of the reasons stated above, the plaintiff's complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The dismissal is without prejudice to any claims the plaintiff may assert under the Fourth and Fifth Amendments should he later be able to demonstrate the invalidity of his conviction under *Heck*.

The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*[signature]*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: June 6, 2018